UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HERNAN GUILLERMO PALOMINO-CRESPO,

Petitioner,

v. Case No.: 2:26-cv-02322-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents,
_______________________________/

**OPINION AND ORDER**

Before the Court are Hernan Guillermo Palomino-Crespo's Amended Petition for Writ of Habeas Corpus (Doc. 6), the government's response (Doc. 8), and Palomino-Crespo's reply (Doc. 9).

Palomino-Crespo is a native and citizen of Colombia who lawfully entered the United States on a B-2 nonimmigrant visa on February 24, 2017. He resides in Miami, Florida with his wife and two minor children, owns and operates a residential restoration and remodeling business, and files U.S. tax returns. On June 4, 2026, the State of Florida charged Palomino-Crespo with insurance fraud and theft and released him pending trial. He has no prior criminal history. On June 27, 2026, roving Border Patrol agents arrested Palomino-Crespo and commenced removal proceedings by serving a notice to appear. In a bond hearing held on July 23, 2026, Immigration Judge Jennifer

Mazza found Palomino-Crespo subject to mandatory detention under 8 U.S.C. § 1226(c) due to the pending state charges.

Palomino-Crespo claims he does not meet the requirements for mandatory detention under § 1226(c) because he was admitted into the United States. The government concedes the point and acknowledges Judge Mazza's decision is legally incorrect—Palomino-Crespo is not subject to mandatory detention under § 1226(c). But it argues his detention is nevertheless lawful under § 1226(a) because Judge Mazza included this line at the end of the bond order: "Even if Respondent was not subject to Mandatory Detention, Respondent also failed to demonstrate that they do not present a risk of flight." (Doc. 8-1 at 8).

The parties agree that as a noncitizen detained under § 1226(a), Palomino-Crespo has a right to an individualized bond hearing. They disagree on whether he already received one. The Court finds he did not. Palomino-Crespo alleges that the Department of Homeland Security incorrectly argued for § 1226(c) mandatory detention at the bond hearing, and that Judge Mazza accepted that argument and did not consider any other evidence or allow Palomino-Crespo's attorney to present any argument regarding danger to the community or risk of flight. The government does not contest Palomino-Crespo's characterization of the bond hearing. Palomino-Crespo has not received the individualized, merit-based bond hearing he is entitled to.

The Court will thus order the respondents to either bring Palomino-Crespo before an immigration judge for an individualized bond hearing within ten days or release him. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. But, to be clear, subjecting Palomino-Crespo to mandatory detention under § 1225(c) is unlawful. If the respondents are unable to ensure Palomino-Crespo receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Hernan Guillermo Palomino-Crespo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Palomino-Crespo for an individualized bond hearing before an immigration judge or (2) release Palomino-Crespo under reasonable conditions of supervision. If the respondents release Palomino-Crespo, they shall

facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on August 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record