UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HERNAN GUILLERMO
PALOMINO-CRESPO,

Petitioner,

v. Case No.: 2:26-cv-2322-SPC-NPM

WARDEN, GLADES COUNTY
DETENTION CENTER *et al.*,

Respondents.
_______________________________/

**OPINION AND ORDER**

Before the Court are Hernan Guillermo Palomino-Crespo's Emergency Motion Challenging Noncompliant Bond Hearings, to Enforce Judgment, and for Immediate Release (Doc. 12) and the government's response (Doc. 14).

Palomino-Crespo is a native and citizen of Colombia who lawfully entered the United States on a B-2 nonimmigrant visa on February 24, 2017. He resides in Miami, Florida with his wife and two minor children, owns and operates a residential restoration and remodeling business, and files U.S. tax returns. On June 4, 2026, the State of Florida charged Palomino-Crespo with insurance fraud and theft and released him pending trial. He has no prior criminal history. On June 27, 2026, roving Border Patrol agents arrested Palomino-Crespo and commenced removal proceedings by serving a notice to appear. In a bond hearing held on July 23, 2026, Immigration Judge Jennifer

Mazza found Palomino-Crespo subject to mandatory detention under 8 U.S.C. § 1226(c) due to the pending state charges. Palomino-Crespo sought habeas relief, and the government conceded that Judge Mazza applied § 1226(c) incorrectly.

On August 26, 2026, this Court granted Palomino-Crespo's habeas petition and ordered the government to afford him a bond hearing with certain guardrails:

> To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof.

(Doc. 10 at 3). The Court further ordered, "If the respondents are unable to ensure Palomino-Crespo receives a bond hearing that complies with this Order within ten days, they must release him[.]" (*Id.*)

An immigration judge conducted a bond hearing on August 28, 2026, and denied bond with this order:

Resp's only form of relief is an I-589 filed earlier this month, nine years after Resp last entered the United States. He concedes as much, and the only explanation he provides for the late filing does not amount to exceptional circumstances that would circumvent the 1-year bar. Accordingly, Resp's prospect of receiving asylum after a merit hearing is de minimis if not non-

existent. This, in turn, means that he has an even greater burden of proof to warrant possible relief in the form of W/H INA of CAT.

> Resp. has not been to Colombia in nine years, and the gravamen of his claim goes back to family-related concerns dating back to 2001. After 2004, the only harm Resp alleges are phone calls occurring at unstated intervals over the next 12 years from unknown persons. At this stage of proceedings, Respondent's prospect of permanent relief to remain in the United States is de minimis. See Matter of A-L-S-, 29 I&N Dec. 794, 797 (BIA 2026) ("The fact that an alien has filed, or intends to file, an application for relief from removal does not meaningfully indicate that the alien will comply with a future order of removal. Likewise, speculative future eligibility for relief based upon conjecture or hypothetical future events does not materially diminish flight risk. The mere ability of an alien to prolong immigration proceedings by filing applications for relief does not meaningfully demonstrate that an alien is not a flight risk.").

(Doc. 12-1 at 1-2).

As the government concedes, the immigration judge did not put the burden on the government or consider the *Guerra* factors or the relevant evidence Palomino-Crespo submitted. Because the hearing did not comply with the Court's prior order, Palomino-Crespo's motion (Doc. 12) is **granted**. The respondents shall release Palomino-Crespo within 12 hours of this Order and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

**DONE and ORDERED** in Fort Myers, Florida on September 10, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record